

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GROVER SELLERS

ATTORNEY GENERAL

Honorable Homer D. Eck
County Auditor
Fayette County
LaGrange, Texas

Dear Sir:

Opinion No. 0-6604
Re: Construction of Art. 2350, R. C. S.,
as amended by H. B. No. 84, enacted by
the 49th Leg., in respect to proper funds
from which such salaries and traveling
expenses are to be paid; and related
questions

    We have received your recent request for an opinion from which we quote as follows:

    "I am requesting your opinion with reference to Article 2350, R. C. S., 1925, as amended, Acts 1945, 49th Leg., Regular Session, H. B. No. 84, page 2082 of the House Journal.

    "Article 2350, provides and I quote:

    "'In counties having the following assessed valuation, respectively, as shown by the total assessed valuation of all properties certified by the County Assessor and approved by the Commissioners' Court for County purposes, for the previous year, from time to time, the county commissioners of such counties, shall receive annual salaries not to exceed the amounts herein specified, said salaries to be paid in equal monthly installments, at least one-half, and not exceeding three-fourth, out of the Road and Bridge Funds, and the remainder out of the General Fund of the county; and said assessed valuations and salaries applicable thereto being as follows: (eliminating all assessed valuations and salaries, except that applicable to Fayette County.) Assessed valuation of this county is between the bracket $12,000,001 and less than $20,000,000, not to exceed $2,500.00 salary.'

    "Section 1a. 'The Commissioners' Court in each county is, hereby authorized to pay the actual travel ing expenses incurred while traveling outside of the county on official county business never to exceed Three Hundred ($300.00) Dollars in any one year for each said official.'

"Section 2. 'The salary of each County Commissioner and each County Judge <u>may be paid wholly out of the County General Fund or, at the option of the Commissioners' Court, may be paid out of the County General Fund and out of the Road and Bridge Fund in the following proportions:</u> County Judge not to exceed seventy-five per cent (75%) of such salaries may be paid out of the Road and Bridge Fund, and the remainder out of the General Fund of the County, and each County Commissioner's salary may, at the discretion of the Commissioners' Court, all be paid out of the Road and Bridge Fund; provided this section shall not apply except in counties where the constitutional limit of twenty-five cents (25¢) on the One Hundred Dollar ($100) valuation is levied for general purposes.'

"  .  .  .

"Fayette County tax rate for General purposes is the constitutional limit twenty-five cents (25¢) on the One Hundred Dollars ($100.00).

"Apparently there is a discrepancy between Article 2350, and Section 2 of this article. (I have underscored the differences) In Article 2350, the assessed valuation of Fayette County comes in the bracket heretofore mentioned and makes provisions what funds the salaries are to be paid from; however, it does not provide the fund or funds which the County Judge is to be paid. While Section 2, makes certain exceptions, but making provisions for the salary of the County Judge. The exceptions as provided in Section 2 are except in counties where the constitutional limit of twenty-five (25) cents per One Hundred Dollars ($100.00) is levied for General purposes. Article 2350 and Section 2, are both applicable to Fayette County, therefore my question is:

"1. What funds are the County Commissioners and Judge to be paid from?

"Section 1a. As stated in the preceding paragraphs provided that the Commissioners pay actual expenses incurred while traveling outside of the county on official business never to exceed $300.00 in one year for each said official.

"This Section does not provide what fund such expenses are to be paid from. My questions pertaining to this section are:

"1. What fund shall such expenses be paid from?

"2. Inasmuch as the County Commissioners of Fayette County are provided with a car, gasoline, tire and maintenance of same from the Road and Bridge Fund to attend to county business, what would be condidered travel expenses?

"Can the Commissioners furnish their own car and charge the Road and Bridge Fund .04 cents per mile, when the equipment is furnished and available?

"Are meals and hotel lodging considered official County business expenses, when they drive to a near by city to purchase machinery parts for their respective precincts?

"Fayette County has school land located in Baylor County, Texas, and it is necessary for the Commissioners' Court to go there and transact business in behalf of the Permanent School Fund. In view of this new legislation, Article 2350, Sec. 1a, shall the expenses incurred while attending to such school business be paid from the Road and Bridge Fund?

"The Commissioners' Court met in regular session Saturday May 19, 1945, and provided for their salary to be paid upon the new established rate as provided, retroactive to May 15, 1945. It is their understanding this bill was filed with the Secretary of State May 11, 1945, without the Governor's signature.

"Question. Can the Court make their salary increase become effective at a date previous to the meeting May 19, 1945."

As you quote in said opinion request the pertinent provisions of Article 2350, R. C. S. of Texas, as same is amended by H. B. No. 84, enacted by the 49th Legislature and effective as a law May 11, 1945, we need not set out herein the full text of said Article 2350 and the bill amending same.

Your first question involves a seeming repugnancy or inconsistency between certain sections of the same act (said Art. 2350 as amended by said H. B. No. 84).

It is fundamental in the law of statutory construction that when a statute makes a general provision apparently for all cases and a special provision for a particular case or class, the former yields and the latter prevails insofar as the particular case or class is concerned. In such circumstances, the special provision or statute is regarded as though it were an exception or proviso, removing something from the operation of the general law. See Tex. Jur., Vol. 39, pp. 212, 213.

Section 2 of Article 2350, R. C. S., as amended by H. B. No. 84, contains a proviso to the effect that it shall not apply except in counties where the constitutional limit of twenty-five cents (25¢) on the One Hundred Dollars ($100) valuation is levied for general purposes. The first section of said Art. 2350 applies generally to all counties. As you state Fayette County comes within the terms of said Section 2 of Art. 2350, then, in view of the foregoing, this special provision would control in regard to Fayette County.

We believe the County Judge of Fayette County should be paid wholly out of the County General Fund or, at the option of the Commissioners' Court, may be paid out of the County General Fund and out of the Road and Bridge Fund in the proportion of not to exceed seventy-five per cent (75%) of such salary out of the Road and Bridge Fund and the remainder out of the General Fund of the county; and that the County Commissioners of Fayette County should be paid wholly out of the County General Fund or, at the option of and in the discretion of the Commissioners' Court, all of such County Commissioners' salaries may be paid out of the Road and Bridge Fund.

In regard to your question as to which fund the actual traveling expenses should be paid from when incurred under authority of Section 1a of said Art. 2350, R. C. S., as amended by said H. B. No. 84, we quote from the Supreme Court of Texas (Bexar County v. Mann, 157 S. W. (2d) 134) as follows:

"All county expenditures lawfully authorized to be made by a county must be paid out of the county's general fund unless there is some law which makes them a charge against a special fund."

Therefore, as said Section 1a of Art. 2350, R. C. S., in which authority to pay traveling expenses is given, does not make them a charge against any special fund, we conclude that such traveling expenses should be paid from the General Fund.

We believe that by the use of the words "actual expenses incurred while traveling outside of the county on official business", the Legislature meant only the actual and necessary expenses so incurred. Gasoline and oil, if a car is used, or bus or train fare and means and lodging, would seem to come within this category. We are enclosing a copy of our Opinion No. O-5598 in regard to certain traveling expenses of County Commissioners incurred within a county, which defines in general terms the type of traveling expenses allowed. The law does not authorize mileage to be charged for such traveling. Neither does it authorize any traveling expenses of the County Commissioners incurred on business without the county, regardless of the nature of the county business, to be paid from any fund other than the General Fund of the county.

As to your last question regarding the attempt of said Commissioners' Court to make its order increasing such salaries retroactive in effect, we point out certain provisions of Section 44, Article 3 of the Constitution of Texas, which are as follows:

"The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution, but shall not grant extra compensation to any officer, agent, servant or public contractors, after such public service shall have been performed or contract entered into, for the performance of the same; . . . "

Our Opinion No. O-6576 holds, in effect, that the next foregoing provision of the Constitution prohibits officers who are paid under the general "salary law" from receiving an increase of salary for any such part of the year for which the work has already been performed. We believe the principle announced in such holding applies also in the instant case and we enclose herewith a copy of said opinion.

Section 3 of said H. B. No. 84, provides as follows:

"The Commissioners' Court at its first regular meeting after the effective date of this Act and thereafter at the first regular meeting of each year shall, by order duly made and entered upon the minutes of same court, fix the salaries of the County Commissioners for such year, within the limits as provided in this Act."

Therefore, it is our opinion that the new salary rate established under the provisions of said H. B. No. 84, could not become effective previous to the actual date of the lawful order of the Commissioners' Court fixing such salaries at its first regular meeting after May 11, 1945, the effective date of said H. B No. 84.

We trust the foregoing fully answers your questions.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By
Robert L. Lattimore, Jr.
Assistnat

RLL:LJ/JCP

APPROVED MAY 29, 1945
(signed) Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED:
Opinion Committee
By B. W. B., Chairman